IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID L. SIMPSON, )
 )
 Plaintiff, )
 )
vs. ) Case No. 17−cv–0563−JPG
 )
UNITED STATES OF AMERICA, )
BAGWELL, and )
JOHN DOE #1 )
 )
 Defendants.

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff David L. Simpson, an inmate in U.S. Penitentiary Marion, brings this action for deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Torts Claims Act, §§ 1346, 2671-2680 ("FTCA").[1] Plaintiff seeks injunctive relief, along with compensatory and punitive damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

---

[1] Plaintiff does not reference Rule 65 or otherwise indicate that he seeks a preliminary injunction, nor do the medical records attached to the Complaint show an acute medical need going unaddressed. The Court has therefore not construed the request for injunctive relief as a request for a preliminary injunction. If Plaintiff does seek that relief, he may file a motion on that point.

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

Sometime between December 7 and 12, 2016, Plaintiff smashed his left hand between a set of faulty doors in the medical department waiting room. (Doc. 1, p. 5). The doorway to the medical staff's offices shares the same corner with the door to the R&D department. *Id.* Plaintiff was going into the R&D office area. *Id.* He opened the door, using the amount of force he usually used on other similar doors throughout the facility. *Id.* However, this particular door had faulty hardware; specifically, the mechanism to keep the door from opening too fast was broken. *Id.* This caused the door to fly open faster than Plaintiff anticipated, and he caught his hand in the middle of the area where the R&D door met the medical office door. *Id.* As a result,

2

Plaintiff's hand was crushed. *Id.* He broke a finger, sprained a finger, busted open his hand, and suffered from general bruising and spraining. *Id.*

Plaintiff reported this incident to John Doe #1, but was only given gauze and a bandage. *Id.* He was also scolded for getting blood on the floor, although it is not clear that Doe #1 did the scolding. *Id.* Plaintiff later followed up with Ms. Bagwell, the Health Services Administrator. *Id.* She said that she knew about the door problem prior to the incident. *Id.* As of the time the Complaint was filed, the door was still not repaired. *Id.* Plaintiff eventually had an x-ray taken; medical records attached to the Complaint show that he saw a physician's assistant for his hand on December 16, 2016. (Doc. 1, p. 9).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 3 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

> **Count 1 –** Claim against the United States for negligence in failing to fix the door at issue prior to this incident under the Federal Tort Claims Act;
>
> **Count 2 –** Eighth Amendment claim against Doe #1 for demonstrating deliberate indifference to Plaintiff's crushed hand by offering him only a bandage after he crushed his hand in the door.

Plaintiff has also attempted to bring another Count, but for the reasons elucidated below, this claim does not survive threshold review.

> **Count 3 –** Claim against the United States for medical negligence under the Federal Tort Claims Act on the grounds that Doe #1 failed to offer Plaintiff adequate medical care after he crushed his hand in a door by only offering him a bandage.

The FTCA is a statutory waiver of sovereign immunity that allows a plaintiff to bring claims against the United States

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

This statute allows prisoners to bring suit for injuries sustained due to the negligence of prison officials. *United States v. Muniz*, 374 U.S. 150 (1963); *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). The FTCA looks to the elements of state law, and applies the law of the state where the "act or omission occurred." 28 U.S.C. § 1346(b)(1); *Richards v. United States*, 369 U.S. 1, 9-10 (1962). Plaintiff has alleged that the relevant acts occurred at Marion, a federal penitentiary located in Illinois. In Illinois, a plaintiff bringing a negligence claim must show 1) a duty of care owed by the defendants; 2) a breach of that duty; 3) an injury and 4) proximate cause. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) *Iseberg v. Gross*, 879 N.E.2d 278 (2007).

Here, Plaintiff was in the custody of the Defendant United States; custody is the type of "special relationship" that creates a duty of care. *Glade ex. Rel. Lundskow v. United States*, 692 F.3d 718, 723 (7th Cir. 2012). So the first element is satisfied. Plaintiff has also alleged Bagwell admitted to him in a conversation that she knew that the door was broken prior to the incident, but that no steps had been taken to fix it. This is a sufficient allegation that prison officials were negligent in arranging for the door to be fixed or alternatively, that someone had undertaken to fix the door in a negligent manner. Plaintiff has also plausibly alleged that he

4

suffered an injury and that the negligence was the proximate cause of his injury. **Count 1** will therefore be allowed to proceed against the United States.[2]

But Plaintiff's claims against Bagwell must be dismissed with prejudice. Other than the comment she allegedly made that indicates that she knew the door was broken prior to this incident, Plaintiff has not alleged that she was involved in the chain of events. Plaintiff has not alleged that she herself was responsible for fixing the door or that she personally negligently fixed the door. Given Bagwell's position as Health Services Administrator, neither is plausible. Plaintiff has also not alleged that Bagwell delayed or denied him medical treatment. In an action under the FTCA, the United States of America is the only proper Defendant. *See* 28 U.S.C. § 2679(b); *FDIC v. Meyer*, 510 U.S. 471 (1994). Therefore, as Bagwell is not a proper defendant under the FTCA, and the allegations here do not establish any other grounds for liability, Bagwell will be dismissed with prejudice.

Turning now to **Count 2**, Plaintiff has adequately stated a claim for deliberate indifference under the Eighth Amendment against John Doe #1 for failing to offer Plaintiff further medical care. A *Bivens* action is the federal equivalent of a § 1983 civil rights action. *See Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (collecting cases). To state a claim for deliberate indifference under either authority, a plaintiff must show: that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious

---

[2] The Court notes, however, that in the section of the Complaint that asks about the exhaustion of administrative remedies, Plaintiff only alleges that he completed the internal administrative remedies for the prison. This is not sufficient; Plaintiff must submit a Standard Form 95 to the Bureau of Prisons itself. Because the Complaint is silent on whether Plaintiff did or did not submit the required form, the Court will not decide this issue at present, but Plaintiff is warned that failure to exhaust his remedies pursuant to 28 U.S.C. § 1346(b)(1) prior to filing suit is fatal to his claim.

condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eight Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Deliberate indifference may also be shown where medical providers persist in a course of treatment known to be ineffective. *Berry v. Peterman*, 604 F.3d 435, 441-42 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

Here Plaintiff has alleged that he suffered from a broken and split hand that required immediate treatment. The Court will presume at this stage that the injury constitutes a serious medical need. *See Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (acknowledging that the parties did not dispute that a split hand was a serious medical need). Additionally, Plaintiff has alleged that when he showed his hand to nurse Doe #1, that all she did was bandage him up without referring him for further treatment. This kind of delay can plausibly state a claim for deliberate indifference, and so at this stage, Plaintiff's **Count 2** will be permitted to proceed against Doe #1.

But Plaintiff's FTCA claim for medical negligence must be dismissed at this time. As stated above, FTCA claims draw on the state law from the state where the incident happened, which in this instance is Illinois. Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional[3] who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a) (West 2017).

Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action

---

[3] Plaintiff did submit an affidavit from Marty W. Sanders, but there is no indication in the affidavit that Sanders is a health care professional.

is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In the instant case, Plaintiff has failed to file the necessary affidavits or reports. Therefore, the claim in **Count 3** shall be dismissed. However, the dismissal shall be without prejudice at this time, and Plaintiff shall be allowed 35 days to file the required affidavit(s), if he desires to seek reinstatement of this claim. The certificate(s) of merit must also be filed, in accordance with the applicable section of §5/2-622(a). Should Plaintiff fail to timely file the required affidavits/certificates, the dismissal of **Count 3** may become a dismissal **with prejudice.** *See* Fed. R. Civ. P. 41(b).

## Disposition

**IT IS HEREBY ORDERED** that **Counts 1 and 2** survive threshold review against defendants United States and Doe #1, respectively. Bagwell is **DISMISSED with prejudice** as an improper defendant under the FTCA. Additionally, **Count 3** is **DISMISSED without prejudice** for failure to file the requisite affidavit under Illinois State Law.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to move the Court to reinstate the medical malpractice/negligence claim(s) in **COUNT 3** against Defendant **United States**, Plaintiff shall file the required affidavit(s) pursuant to 735 Ill. Comp. Stat. §5/2-622, within 35 days of the date of this order (on or before **September 14, 2017**). Further, Plaintiff shall timely file the required written report(s)/certificate(s) of merit from a qualified health professional, in compliance with §5/2-622. Should Plaintiff fail to timely file the required affidavits or reports, the dismissal of **COUNT 3** may become a dismissal **with prejudice**.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on the United States; the Clerk shall issue the completed summons. Pursuant

to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

Service shall not be made on the Unknown (John Doe #1) Defendant until such time as Plaintiff has identified him or her by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for this individual.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1)

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 9, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**